UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** *ex rel.*, Nancy D'Anna, Valerie Paige Zeiger, | } } } } |
| Plaintiffs, | } **Case No.: 2:19-cv-00391-MHH** } |
| v. | } } |
| **CAPSTONE MEDICAL RESOURCES, LLC, AND SHARON WALTZ,** | } |
| Defendants. | |

## MEMORANDUM OPINION

Defendants Capstone Medical Resources, LLC and Sharon Waltz have asked the Court to dismiss the complaint in this False Claims Act case under the doctrine of res judicata. The defendants contend that the criminal restitution judgment in *United States of America v. Sharon Waltz*, Case Number 2:19-CR-00425-DPG-GMB, bars a civil recovery in this action. (Doc. 19). The United States and the relator disagree. (Docs. 24, 25). The Court does too.

The doctrine of res judicata applies when "(1) there is a final judgment on the merits, (2) the decision was rendered by a court of competent jurisdiction, (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale v. Rubbermaid, Inc.,* 193 F.3d 1235, 1238 (11th Cir. 1998).

"[T]he presumption that a common nucleus of operative fact yields the same 'case' crumbles when one case is civil and the other criminal—it is well settled that civil and criminal actions premised on the same facts are not *res judicata* for the other." *Taul ex rel. United States v. Nagel Enterprises, Inc.,* 2:14-CV-0061-VEH, 2016 WL 304581, at *8 (N.D. Ala. Jan. 25, 2016). "Moreover, the False Claims Act explicitly contemplates pursuing both criminal and civil remedies based on the same facts." *Taul*, 2016 WL 304581, at *9. "The conclusion of the criminal forfeiture action does not preclude Relators from going forward with their qui tam action and receiving a portion of the proceeds." *United States v. Van Dyck,* 866 F.3d 1130, 1135 (9th Cir. 2017). "[Defendants are] entitled to a damage credit in that action." *Van Dyck,* 866 F.3d at 1135 n.3.

The cases the United States has cited in response to the defendants' motion to dismiss confirm that the judgment against Ms. Waltz for criminal forfeiture does not bar a civil recovery under the False Claims Act. Therefore, the Court denies the defendants' motion to dismiss.

**DONE** and **ORDERED** this September 13, 2021.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE