UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* NANCY D'ANNA, *et al.*, } } } | |
| Plaintiffs, } } | Case No.: 2:19-cv-00391-MHH |
| v. } } | |
| CAPSTONE MEDICAL RESOURCES, LLC, *et al.*, } } } | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

*Qui tam* relators Nancy D'Anna and Valerie Paige Zeiger have filed a motion for an award of damages against defendants Capstone Medical Resources, LLC and Dr. Sharon Waltz for the defendants' violations of the False Claims Act. (Doc. 61). The defendants have responded. (Doc. 62).

Defendants who violate the FCA "[are] liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990, plus 3 times the amount of damages which the Government sustains because of" the

1

defendants' acts. 31 U.S.C. § 3729(a)(1) (citations omitted).[1] As of February 12, 2024, Department of Justice regulations mandate a statutory penalty of between $13,946 and $27,894 per FCA violation. 28 C.F.R. § 85.3(a)(9).[2] In a *qui tam* action in which the government does not intervene, the relators "shall receive an amount which the court decides is reasonable for collecting the civil penalty and damages." 31 U.S.C. § 3730(d)(2). By statute, the amount due the relators "shall be not less than 25 percent and not more than 30 percent of the proceeds of the action or settlement and shall be paid out of such proceeds." § 3730(d)(2).[3]

The relators contend that the defendants submitted 29,511 false claims to the government which caused a total loss of $2,116,538.42. (Doc. 61, p. 2, ¶ 4) (citing Doc. 61-1; Doc. 61-2; Doc. 61-3). When trebled pursuant to § 3729, the total loss alleged by the relators totals $6,349,615.26 in damages. Multiplying the number of false claims submitted by the minimum statutory penalty per claim produces a total

---

[1] The FCA contains a provision not applicable here for reducing the damages assessment. *See* 31 U.S.C. § 3729(a)(2).

[2] The relators cite a range of between $14,308 and $28,619 provided in a regulation issued recently by the Department of Commerce. (Doc. 61, p. 2, ¶ 3) (citing Civil Monetary Penalty Adjustments for Inflation, 89 Fed. Reg. 106308, 106310 (Dec. 20, 2024) (to be codified at 15 C.F.R. § 6.3(a)(3)). The Court employs the range provided in Department of Justice regulations and used by the Eleventh Circuit in *Yates v. Pinellas Hematology & Oncology, P.A.*, 21 F.4th 1288, 1297, 1315 (11th Cir. 2021) (involving FCA violations in Medicare program).

[3] The FCA also authorizes relators to "receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs." § 3730(d)(2). In their motion for damages, the relators do not petition for fees and costs, so the Court does not reach this issue.

2

statutory penalty of $411,560,406, for a total damages calculation of $417,910,021.26.[4]

The defendants argue that the relators' damages assessment violates the excessive fines prohibition imposed by the Eighth Amendment to the United States Constitution. (Doc. 62, p. 2, ¶ 5); *see also* U.S. CONST. amend. VIII ("Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."). "[D]amages and statutory penalties awarded in a non-intervened FCA qui tam action are subject to the Eighth Amendment's prohibition on excessive fines." *Yates v. Pinellas Hematology & Oncology, P.A.*, 21 F.4th 1288, 1307 (11th Cir. 2021). "A fine 'violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense.'" *Yates*, 21 F.4th at 1314 (quoting *United States v. Bajakajian*, 524 U.S. 321, 334 (1998)). The Eleventh Circuit has "identified several non-exhaustive factors that guide an Excessive Fines Clause analysis: (i) whether the defendant is in the class of persons at whom the statute was principally directed; (ii) how the imposed penalties compare to other penalties authorized by the legislature; and (iii) the harm caused by the defendant." *Yates*, 21 F.4th at 1314 (citation omitted). The Eleventh Circuit accords damages

---

[4] Using the Department of Commerce's latest civil monetary penalty inflation adjustment, the relators calculate damages as $428,593,003.26. (Doc. 61, p. 4, ¶ 5).

3

assessed at the statutory minimum "a strong presumption of constitutionality." *Yates*, 21 F.4th at 1314.

In *Yates*, the Eleventh Circuit affirmed a $1.179 million damages award where the defendant, who defrauded Medicare, "[wa]s in the class of defendants at whom the FCA is principally directed," the district court assessed damages at the statutory minimum, and the harm caused by violating the FCA "[wa]s considerable." 21 F.4th at 1314–16. Here, because the defendants defrauded Medicaid, the defendants fall within the class of defendants to which the FCA applies. *See Yates*, 21 F.4th at 1314. As described above, the Court has calculated damages at the statutory minimum. *See Yates*, 21 F.4th at 1314. And as in *Yates*, the harm the FCA violation caused "is considerable." *See* 21 F.4th at 1314, 1316. While a damages award of $417,910,021.26 against the defendants represents a harsh judgment, this award follows the contours established by Congress in the FCA, and the defendants have not rebutted the "strong presumption of constitutionality" for damages assessed at the statutory minimum. *See Yates*, 21 F.4th at 1314.[5]

---

[5] In *United States v. 817 N.E. 29th Drive*, 175 F.3d 1304 (11th Cir. 1999), the Eleventh Circuit noted that "excessiveness is determined in relation to the characteristics of the offense, not in relation to the characteristics of the offender." 175 F.3d at 1311. At least one jurist on the Eleventh Circuit has cast doubt on conducting an excessive fine analysis without accounting for "the impact of a fine on an offender's livelihood." *Yates*, 21 F.4th at 1317–24 (Newsom, J., concurring). As Judge Newsom indicated in *Yates*, other appellate courts consider this factor. 21 F.4th at 1321 (Newsom, J., concurring) (citations omitted) (collecting decisions). The Eleventh Circuit in *Yates* did not incorporate a livelihood consideration into the excessive fine analysis. *See* 21 F.4th at 1314–16; *see also Yates*, 21 F.4th at 1323–24 (Newsom, J., concurring). The defendants have not argued that the Court should account for the impact of a $417 million judgment on their

4

Accordingly, the Court grants the relators' motion for an award of damages and assesses damages against the defendants in the amount of $417,910,021.26. Because the relators' case relied heavily on the government's successful efforts to prosecute Dr. Waltz for submitting false claims, the Court determines that the relators' share of these damages shall be 25%. *See* § 3730(d)(2). The Court will enter a final judgment against the defendants by separate order.

The Clerk of Court shall please TERM Doc. 61.

**DONE** and **ORDERED** this March 31, 2025.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

livelihoods. (*See* Doc. 62, p. 2, ¶ 5). In the absence of authority to the contrary, the Eleventh Circuit's admonition in *817 N.E. 29th Drive* controls, and the Court cannot determine excessiveness "in relation to the characteristics of the offender." 175 F.3d at 1311.