FILED
2026 Mar-31 PM 03:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, *ex rel.* NANCY D'ANNA, *et al.*, | } } } } | |
| Plaintiffs, | } } | |
| v. | } } } | Case No.: 2:19-cv-00391-MHH |
| CAPSTONE MEDICAL RESOURCES, LLC, *et al.*, | } } } | |
| Defendants. | } | |

### MEMORANDUM OPINION AND ORDER

*Qui tam* relators Nancy D'Anna and Valerie Paige Zeiger sued Capstone Medical Resources, LLC and Sharon Waltz under the False Claims Act. (Doc. 1; Doc. 14). The Court granted the Relators' motions for summary judgment and for an award of damages. (Doc. 60; Doc. 63). The Court entered final judgment on March 31, 2025. (Doc. 64).

On May 12, 2025, Ms. Waltz and Capstone moved for post-judgment relief under Rules 59 and 60 of the Federal Rules of Civil Procedure. (Doc. 65). The Court denied the motion as untimely to the extent it sought relief under Rule 59 and ordered the Relators to respond to the motion to the extent Ms. Waltz and Capstone

1

seek relief under Rule 60.  (Doc. 66).  The Relators have since responded.  (Doc. 67).  For the reasons below, the Court denies the Rule 60(b) motion.

***

Rule 60(b) provides as follows:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > (4) the judgment is void;
> >
> > (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >
> > (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1).  This "reasonable time" requirement applies to all motions under Rule 60(b).  *Coney Island Auto Parts*

*Unlimited, Inc. v. Burton Tr. for Vista-Pro Auto., LLC*, 146 S. Ct. 579 (2026) (abrogating *Hertz Corp. v. Alamo Rent-A-Car, Inc.*, 16 F.3d 1126 (11th Cir. 1994)). "[T]he motion may be rejected as untimely if not made within a 'reasonable time' even though the one-year period has not expired." *Kerruish v. Essex Holdings, Inc.*, 839 Fed. Appx. 428, 431–32 (11th Cir. 2021) (citing 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2866 (3d ed. Sept. 2025 update)). "[W]hat constitutes a reasonable time depends on the facts in any given case, and in making the determination, courts should consider whether the movant had a good reason for the delay in filing and whether the non-movant would be prejudiced by the delay." *Kerruish*, 839 Fed. Appx. at 432 n.6 (citing *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976)).

In addition, Rule 60(b) generally "may not be used to challenge mistakes of law which could have been raised on direct appeal" or in a timely Rule 59 motion. *Atraqchi v. United States*, No. 24-12625, 2025 WL 1564553, at *3 (11th Cir. June 3, 2025) (quoting *Am. Bankers Ins. Co. of Fla. v. Nw. Nat. Ins. Co.*, 198 F.3d 1332, 431–32 (11th Cir. 1999)), *cert. denied*, 146 S. Ct. 822 (Nov. 24, 2025). "[A] Rule 60(b) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Terrell v. Sec'y, Dep't of Veterans Affs.*, 98 F.4th 1343, 1357 (11th Cir. 2024) (internal

3

quotation marks omitted) (citation omitted), *cert. denied sub nom. Terrell v. McDonough*, 145 S. Ct. 273 (2024).

Here, the defendants' arguments are legal arguments that either were raised or could have been raised before judgment, in a timely Rule 59 motion, or on appeal. Therefore, the arguments do not appear to be properly raised in a Rule 60 motion. Even if the arguments are properly before the Court in a Rule 60 motion, the defendants have not satisfied the Rule 60(b) criteria they point to, paragraphs (3), (4), and (6).

Under Rule 60(b)(3), a district court may set aside a judgment because of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b)(3). As Relators correctly point out, (Doc. 67, p. 5), the defendants invoke Rule 60(b)(3) in the title of their motion and recite the applicable legal standard, but the defendants have not presented an argument or alleged facts to support this serious accusation. Rule 60(b)(3) thus does not provide a basis for relief.

Under Rule 60(b)(4), a district court may set aside a judgment if the judgment is "void." The defendants contend the judgment in this case is "void" because the complaint was a "shotgun" pleading and because "the statute," the False Claims Act, "is unconstitutional." (Doc. 65, pp. 2–3, 9–10). These arguments are not persuasive. "When a case reaches the summary judgment stage, the operative question is no

4

longer whether the allegations in the complaint made out a plausible claim. . . . [A]ny pleading issues 'dissipate' when the district court evaluates the sufficiency of the evidence at summary judgment." *Carrizosa v. Chiquita Brands Int'l, Inc.*, 47 F.4th 1278, 1340 (11th Cir. 2022) (citation omitted).  And "[a] judgment is not void . . . simply because it is or may have been erroneous," or even unconstitutional.  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010) (citations omitted).  "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Espinosa*, 559 U.S. at 271 (citations omitted).  Relief is reserved "only for the exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction," not mere "error[s] in the exercise of jurisdiction."  *Espinosa*, 559 U.S. at 271 (citations omitted).  This is not such an exceptional case.

Under Rule 60(b)(6)'s "catch-all" provision, a district court may set aside a judgment for "any other reason that justifies relief" that is "not already covered by the preceding five paragraphs" of Rule 60(b).  *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210–11 (2025).  "Relief under Rule 60(b)(6) requires extraordinary circumstances." *BLOM*, 605 U.S. at 210.  A "very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved." *BLOM*, 605 U.S. at 213 (citation omitted).  The defendants have not pointed out "extraordinary

circumstances" that would justify relief under Rule 60(b)(6)'s catch-all provision. As with their Rule 60(b)(3) argument, the defendants merely cite Rule 60(b)(6) in their header and opening paragraph. Rule 60(b)(6) thus does not provide a basis for relief.

***

Accordingly, the Court denies the defendants' motion to set aside the judgment. The Clerk of Court shall please TERM Doc. 65.

**DONE** and **ORDERED** this March 31, 2026.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE